# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANAIS BANNISTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN,[1] )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | Case No. 4:10CV2156 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying the application of Plaintiff for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's application.

## Facts and Background

Plaintiff was 18 years old at the time of the hearing.[2] She is a highschool

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff brought this action as an adult, based on the Commissioner's determination that she was not a disabled adult, although the ALJ assessed Plaintiff's claim under the standards for childhood disability as well as adult disability. Because the action is brought by Plaintiff with respect to her claim of adult disability, the Court will not discuss the findings of the ALJ with regard to Plaintiff's previous childhood claim.

graduate   The ALJ found Plaintiff had the severe impairment of: sickle cell anemia.  At the October 21, 2008 hearing, Plaintiff testified that she lives with her mother and grandmother, and that she was attending school at the University of Missouri, St. Louis.  Plaintiff was taking four classes at that time.  Plaintiff worked in 2007 as a sales attendant at a clothing store two to three days a week.  Plaintiff stopped working after she went into a coma.  Plaintiff also worked full time during the summer at a fast food restaurant.  Plaintiff testified that she had spoken with her professors in order to advise them of her sickle cell anemia and to advise them that there may be classes she would miss.  Arrangements were made between Plaintiff and her professors.  Plaintiff also testified that during highschool, she missed days because of pain in her chest, arms and legs. Plaintiff testified she had trouble remembering things.  Plaintiff testified she was always fatigued and experienced pain in her legs, hips and sometimes her arms.  This effected her ability to stand and walk, and her ability to drive a car.  Plaintiff did not use any aids to help her walk.  She helped with her grandmother, preparing her meals, doing her laundry and housekeeping.  Plaintiff spent about four hours performing these tasks because she had to stop and start because of pain.  Plaintiff testified she did not go out much and needed help doing her hair.

Plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*., was denied on May 15,

2007. Plaintiff appeared and testified before ALJ James B. Griffith on October 21, 2008.. On December 23, 2008, the ALJ issued an unfavorable decision. On September 18, 2010, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

**Standard For Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a),

416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ

determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since

March 19, 2007, the date the application was filed. At Step Two, the ALJ found that Plaintiff had the following severe impairments: sickle cell anemia. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the impairments in the listings.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform a full range of light work as defined in 20 CFR 416.967(b), but with nonexertional limitations of: because of pain and medication side effects, Plaintiff was limited to unskilled work activity. At Step Four, the ALJ determined that Plaintiff had no past relevant work. At Step Five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. The ALJ concluded that Plaintiff had not been under a disability as defined in the Act.

**Standard For Judicial Review**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom*

v. *Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the AL's findings, the court must affirm the AL''s decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the decision of the ALJ failed to properly consider medical opinion evidence regarding Residual functional capacity under the standards contained in

*Singh* and *Lauer*; (2) Once significant nonexertional impairments have been shown to exist, vocational expert testimony is required. In its absence, the decision cannot be said to be based upon substantial evidence.

Under the Social Security Administration regulations, the opinions of treating physicians are generally entitled to substantial weight. 20 C.F.R. §§ 404.1527(d), 416.927(d). However, despite this deference, the opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Brown v. Barnhart,* 390 F.3d 535, 540 (8th Cir.2004). In fact, an ALJ may discount or disregard the opinion of a treating physician where other medical assessments are more thoroughly supported or where a treating physician renders inconsistent opinions. *Wildman v. Astrue,* 596 F.3d 959, 964 (8th Cir.2010). The ALJ's determination was based on the medical records before him and observed that Plaintiff had very few visits and was able to participate in a wide range of activities. Plaintiff's treating physician, Dr. Poetz last saw Plaintiff eight months prior to his assessment and his treatment notes consistently reveal only minimal findings. The ALJ's RFC finding is supported by the record before him.

Plaintiff also urges error by the ALJ's use of the Medical-Vocational Guidelines (Grids). The ALJ concluded that Plaintiff could perform the full range of light work, but because of the non-exertional limitations of pain and medication

side effects, Plaintiff was limited to unskilled work activity.

Plaintiff argues that because she suffers from nonexertional impairments, pain, sedation and medication side effects, the ALJ was required to elicit testimony from the vocational expert regarding the existence of jobs for a person with Plaintiff's impairments. *See Baker v. Barnhart,* 457 F.3d 882, 894 (8th Cir.2006) ("Generally, where the claimant suffers from a nonexertional impairment such as pain, the ALJ must obtain the opinion of a vocational expert instead of relying on the Medical–Vocational Guidelines.").

As Defendant correctly argues, the ALJ could properly rely on the Grids because Plaintiff's nonexertional impairments did not diminish or significantly limit her ability to perform the full range of activities listed in the Grids. *Id*., at 494. Therefore, the Court concludes the ALJ properly resorted to the Grids at Step 5. *See Ellis v. Barnhart,* 392 F.3d 988, 996 (8th Cir.2005) (allowing reliance on the Grids where ALJ properly discredited claimant's complaints of pain and found claimant could perform full range of activity). See also, *McDade v. Astrue,* 2013 WL 3868115, 4 (8th Cir. July 29, 2013). The Court finds the ALJ's determination supported by substantial evidence of record.

As discussed above, the medical evidence supports the ALJ's determination, and the ALJ thoroughly considered and discussed this evidence in rendering his

decision. Overall, the ALJ's determination is both fully supported and sufficiently explained. Thus, the Court upholds the ALJ's determination of Plaintiff's RFC and use of the Grids. The Court finds that the ALJ's determination was based on substantial evidence of record and properly included only Plaintiff's credible limitations. *See Wildman,* 596 F.3d at 966.

## **Conclusion**

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be affirmed.

Accordingly,

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 31st day of July, 2013.

_____
**HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE**